### JACKSON, *ex dem.* TITUS, *against* JONES.

A. CONKLING, for the plaintiff, moved for a rule that the defendant cause two certain deeds, described in the affidavit he relied on in defence of an ejectment brought against him, in the clerk's office of *M.* to the end that the plaintiff might, with witnesses, inspect the same.

This rule made on affidavit of the lessor of the plaintiff that he expected thus to be enabled to prove the deeds forgeries.

*Rule made that the defendant deposit deeds, which*

vits whereon he moved, to be deposited in the Clerk's office of the county of *Monroe*, or in such other place as the Court should direct, to the end that the lessor of the plaintiff and his witnesses might have access thereto. This motion was founded on various affidavits, by which it appeared that the defendant relied on these deeds for his defence in this action, and on an affidavit of the lessor of the plaintiff, that he expected to be able to prove, with proper opportunity for that purpose, that both the deeds were forgeries.

*A. Samson*, contra, opposed the motion as unprecedented. It might go to convict the defendant of forgery, and the Court will never require a party to furnish his adversary with the means for this purpose. He also read an affidavit of the defendant, that he had control of but one of these deeds, and that the other would be necessary, as he was advised by his counsel and believed, in the execution of a commission which had been issued in this cause ; but he did not swear that he would not use both deeds on the trial.

*The Court* granted a rule, that the deeds should be deposited with the *Monroe* County Clerk, for the purpose mentioned on the motion, 8 days before the next Circuit in *Monroe*. They said this would give time for first using the deeds on the execution of the commission.

RULE.   On, &c. ordered, that the said defendant, *Samuel Jones*, cause the deeds from *Nathan Wood* to *David Wood*, and from the said *Nathan Wood* to *Seth Jones*, in the affidavit of the lessor of the plaintiff mentioned, to be deposited, at least 8 days before the next Circuit Court to be held in and for the county of *Monroe*, with the Clerk of the said county.(a)

(a) Mr. *C. Graham*, (in whose behalf Mr *Conkling* moved) furnished him with a note of the following case : MS. " JOHN BRUSH v. THOMAS GIBBON. In *August* term, 1811. Mr. *Graham*, upon an affidavit of the defendant, stating that the suit was upon a note of $5000, alleged to have been made by him, but that he never signed the same, and believed it to be a forgery, and that he could prove it to be so, if the Court would direct

it to be deposited in some place where his witnesses could have reasonable access to it, moved for an order upon the plaintiff to deposit the note with one of the officers of the Court, or the Recorder of *New-York.* The motion was opposed; but

*The Court* granted it, and ordered the note to be deposited with the Clerk of the Supreme Court; and that the defendant's witnesses should have access to it, for the purpose of examining it."

See 2 *Cowen's Rep.* 590, *note* (*a*) to *Denslow et ux.* v. *Fowler,* where the cases to this point are collected; and see, also, *The People* v. *Commissioners of Newcastle. id.* 623. For a summary of the English practice as to compelling the production and inspection of papers in the hands of the adverse party, whether they be publick or private .papers, see 1 *Archb. Pr.* 144, 145; 2 *id.* 196, 197.