## SUPREME COURT.

JAMES POWERS and JOHN KIERSTED, Junior, vs. NICHOLAS ELMEN-
DORF.

THE SAME vs. WILHELMUS ELMENDORF and JOHN W. ELMENDORF.

Under the 388th section of the amended code, the court have the *power* in any case, where
either party has in his possession or power, papers, books or documents containing evi-
dence *bearing upon the merits of the action*, to compel such party to exhibit such books,
papers and documents to the adverse party, when, in the exercise of its discretion, it
should deem such discovery proper.

Such discovery may be had, where one party desires to ascertain what documentary evi-
dence his adversary holds *upon which he is relying to sustain himself upon the trial.* Ample
discretionary power is vested in the court to enforce obedience to any order it may make
for such discovery.

*Albany Special Term, July,* 1849. This was an application on behalf
of the plaintiffs to require the defendants to give them an inspection
and copy of certain papers and documents relating to their defence.
The petition states that both actions are brought to recover certain lands
in the county of Ulster—that the defendant Nicholas Elmendorf in his
own right and the defendants in the second action, as the tenants and
in right of Nicholas Elmendorf, claim that one William H. Elmendorf,
at the time of his death, was seized in fee of and well entitled to, the
lands sought to be recovered in both actions, and that the defendant
Nicholas Elmendorf inherited the lands as his heir-at-law. The peti-
tion further states that "the discovery and production of the title papers
and deeds vesting or supposed to vest title to said premises in the said
William H. Elmendorf, are necessary to enable the plaintiffs to reply
properly to the answers and to prepare for trial."

The defendants, in opposition to the motion, produced their own affi-
davit and the affidavit of their attorneys, all swearing that they had not
had in their possession or control, since the commencement of these ac-
tions, *any of the conveyances or title deeds* referred to in the plaintiffs' pe-
tition, except a certain deed described in the affidavits.

H. HOGEBOOM, *for plaintiffs.*

M. SCHOONMAKER, *for defendants.*

HARRIS, Justice.—The decision of the question before me involves the
practical application of that part of the 388th section of the code which

provides that "the court before which an action is pending, or a judge or justice thereof, may, in their discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy of any books, papers and documents in his·possession, or under his control, containing evidence relating to the merits of the action, or the defence therein. By the Revised Statutes, a similar power was conferred upon the Supreme Court, (2 R. S. 199, § 21,) but by the succeeding section it is declared that in the exercise of this power the court shall be governed by the principles and practice of the Court of Chancery, in compelling discovery. Under this restriction, it has been understood that a party could only obtain a discovery of such papers and documents in the possession or control of his adversary, as might furnish evidence in his own behalf upon the trial. (*Meekings* v. *Cromwell*, 1 Sand. S. C. Rep. 698.) In Cooper's Eq. Pl. 58, the rule in chancery is stated to be that a plaintiff in a bill of discovery "*shall only have discovery of what is necessary for his own title, as of deeds he claims under, and not pry into that of the defendant.*" If this rule is to be applied to the construction of the provision of the code already cited, it is obvious that the plaintiffs in these actions are not entitled to the discovery they seek. They do not pretend that the defendants have within their power, any papers or documents which they wish to use in support of their title to the premises. On the contrary, they avow it to be their purpose, in asking for this discovery, to ascertain upon what evidence the defendants expect to protect their possession.

The language of the code, it is to be observed, is substantially the same as that contained in the 21st section of the Revised Statutes, referred to. In its terms it is broad enough to authorize an order for the discovery of any books, papers or documents, which may contain any evidence pertinent to the merits of the action, on either side. The restriction contained in the 22d section of the Revised Statutes is not found in the code. From the absence of this restriction, it might be fairly inferred that the Legislature did not intend that the court should hereafter be governed by the principles and practice of the Court of Chancery in compelling the discovery. But that this is so—that it was intended that the court should have the power, in any case where either party has in his possession or power, papers or documents containing evidence bearing upon the merits of the action, to compel such party to exhibit such papers and documents to the adverse party, when, in the exercise of its discretion, it should deem such discovery proper, is, I think, made certain by reference to the means prescribed for enforcing obedience to the order for such discovery. By the Revised Stat-

utes, the plaintiff, if he disobeyed the order, might be non-suited, and the defendant might be debarred from any particular defence to which the discovery sought related, or his plea or notice might be stricken out. To these remedies the court was expressly confined. (2 R. S. 200, § 26.) They all evidently contemplate a discovery sought for the purpose of using the evidence to be obtained against the party who is required to furnish it. None of them are adapted to a case where a party seeks a discovery of evidence upon which his adversary relies to establish his side of the issue. But it is not so in the code. There it is provided that "if compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence." But of what avail would this provision be, if a discovery could only be had of papers and documents, which the party asking for the discovery wished to use as evidence? It certainly would be no punishment to say that, upon his refusing to make the discovery, his adversary, who sought thus to obtain evidence beneficial to himself, should be deprived of such advantage. It cannot be doubted that the framers of the code intended to confer upon the court the power to require a party to disclose to his adversary any documentary evidence within his power upon which he expects to rely upon the trial. Indeed, as the code was originally reported by the commissioner, no other remedy was provided for a refusal to comply with an order for discovery. The Legislature, foreseeing that such a remedy would not be adapted to cases in which the party seeking the discovery wished to use the evidence in his own behalf, also authorized the court to punish the party refusing to make the discovery—so that, as this section of the code was finally amended and adopted, ample discretionary power is vested in the court to enforce obedience to any order it may make for the discovery of papers and documents by appropriate punishment for disobedience. In a case like that now before me, where one party desires to ascertain what documentary evidence his adversary holds upon which he is relying to sustain himself upon the trial, it is enough if he refuses to make the discovery, to say that he shall not be permitted to avail himself of such documentary evidence. On the other hand, when the party, asking for the discovery, supposes the evidence will be beneficial to himself, the court must devise some other method of punishing the party who refuses to obey its order, adapted to the circumstances of the particular case.

The power thus conferred upon the court, is, in my judgment, better adapted to attain the ends of justice, than the more restricted power it before possessed. I can see no good reason why a party should be permitted to withhold from the knowledge of his adversary documentary evidence

affecting the merits of the controversy, only to surprise him by its production at the trial. Unless for some satisfactory reason to be made apparent to the court, each party ought to be required, when it is desired, to disclose to the other any books, papers and documents within his power, which may contain evidence pertinent to the issue to be tried. If the evidence thus disclosed should be conclusive upon the issue, the parties may be saved the expense of a trial—and if not, they will come to the trial upon equal terms, each prepared, so far as the evidence within his reach will enable him to do so, to maintain his side of the controversy. This I believe to have been the intention of the Legislature, and this I regard as the true construction of their enactment on this subject. I shall therefore direct that, within ten days after service of a copy of the order, the defendants deliver to the plaintiffs' attorneys copies of all papers and documents in their possession or under their control, upon which they will rely at the trial of these actions, as containing evidence to sustain the allegation in their answers that William H. Elmendorf died seized in fee and well entitled to the premises sought to be recovered, and that the plaintiffs have ten days, after the time for delivering such copies shall expire, to reply to the defendants' answers. The order will further direct that, in case, after receiving such copies, the plaintiffs shall desire an inspection of the original papers and documents, the defendants shall give them such inspection at the office of their attorneys, upon five days' notice of the time when they will attend for that purpose. As I understand the statute, this is all the order, made in the first instance, should contain. Upon the failure of the defendants to comply with the order, the plaintiffs may apply for a further order that any papers and documents, of which, by the terms of the order, copies ought to have been furnished, shall be excluded as evidence upon the trial or for such other appropriate order as the circumstances of the case may justify. The first order may be made by a judge or justice out of court, but the second order can only be made by the court upon evidence of a refusal to comply with the first.