The first question presented for our consideration upon this appeal, is, as to the correctness of the charge of the judge at the circuit, in stating to the jury that if they were satisfied from the testimony that there existed any ill-feeling on the part of the defendant towards the plaintiff, that was a circumstance to be taken into the account. The fact of an assault and battery upon the plaintiff, on the day named, by some one, would seem to have been established by proof satisfactory to the jury. The fact of such an assault, even from the imperfect statement of the testimony contained in the bill of exceptions, cannot well be doubted. It is sufficient, however, to say that such fact has been found by the jury, and we see no occasion to question the finding in this respect. The main question litigated before the jury, was, whether the defendant committed the assault. To satisfy them that he did, a chain of circumstances was adduced, from which it was contended, on the part of the plaintiff, that they would be justified in finding that the defendant did commit the assault. A link in this chain was the fact of ill-feeling on the part of the defendant towards the plaintiff.
This evidence was not adduced, as the learned counsel for the appellant in his argument supposed, to show the intention of the defendant in committing the assault. Neither was it offered to establish the fact that an assault had been committed. It was manifestly offered, with the intent to establish, in connection with other circumstances, the fact that the assault was committed by the defendant. It was a part of the testimony to point him out as the guilty party, and to satisfy the mind of the jury, beyond all reasonable doubt, of his guilt, by exhibiting a motive on his part.
The judge at the circuit very truly said to the jury, that the plaintiff's case, that is as to the guilt or innocence of the defendant, was entirely supported by circumstantial evidence; and he very properly added that such evidence is always competent, and is often as satisfactory as direct or positive testimony. Some jurists have said that it is even more reliable, and less liable to lead to error. Without entering that field of fruitful *Page 30 
discussion, it is only necessary here to remark that it is a competent source of testimony, and if the circumstances adduced lead the mind of the jury to the inevitable conclusion arrived at, no fault can be found with it.
In the case under consideration, many circumstances were produced tending to show, as contended for by the plaintiff, that the assault was committed by the defendant. As bearing on this point of the case, it must be assumed, from the charge of the judge, that ill-feeling on the part of the defendant towards the plaintiff had been shown. Were the jury at liberty to take this circumstance into account in determining the fact whether or not the defendant committed the assault? In criminal cases, expressions of ill-will by the prisoner towards the deceased or person injured, are always admitted as having a most material bearing upon the inquiry as to the guilt or innocence of the party accused. (Burril on Cir. Ev., 335, 336, c., and cases there cited.) It is there stated, that by this evidence we obtain an insight into the heart and mind of the party. His motives, which before could only be conjectured, or at best inferred by a process of reasoning, stand now directly revealed. His heart is, as it were, laid open to view, showing enmity or desire of revenge to be the source and spring of his whole conduct. In the case of The People v. Rickert (8 Cow., 226), on an issue of forcible entry and detainer, the defendant having entered peaceably, said to the relator, "It will not be well for you if you ever come upon the premises again, by day or by night," it was held that this was relevant, and might be left to the jury, from which to find a forcible detainer. In the present case, if the life of the plaintiff had been taken on the occasion, and the defendant was on trial for the homicide, the evidence would clearly be a circumstance to be taken into account in fixing guilt upon him. We are unable to see any reason why the jury might not properly take it into consideration, in determining whether or not the assault upon the plaintiff was committed by the defendant; and we think there is no error in the charge of the judge at the circuit in thus submitting it to them. *Page 31 
In reference to the second exception, I do not perceive that any rule of law has been violated. The judge very properly told the jury that if, when the charge was made, the defendant at the same time denied it, it furnished no evidence against him. But there was evidence in the case tending to show that after the charge had been made by the plaintiff, and denied by the defendant, and, as we think may fairly be inferred from the testimony, in another conversation in the presence of different auditors, and after the lapse of three-fourths of an hour, the charge was repeated by the plaintiff, with some variations. The judge stated to the jury in reference to this, that they would not conclude that if the defendant had once emphatically denied the charge, he was called upon to repeat the denial on the accusation being renewed; but it was left to them to give such weight to his silence when it was repeated, if repeated, as it was entitled to under the rule he had already laid down. These rules had been most favorable to the defendant, and excluded the idea that he was bound on the same occasion of the repetition of the charge to reäffirm his denial. The charge of the judge must be understood as meaning, with the qualifications and restrictions which he had already stated, that the jury were at liberty, if they found the accusation was repeated in another conversation, and with different persons present, to give such weight to the defendant's silence, if silent he was, as under the rules laid down it might be entitled to.
The evidence would seem to have warranted the jury in assuming that there was an interval of nearly an hour between the conversation in which the charge was made and denied, and that in which it was made and the defendant was silent. It is undeniable that at least two persons were present at the last conversation who were not present at the first. If the jury could have so found, there is no just cause of complaint by the defendant as to this part of the charge. If there is any ambiguity as to the precise meaning of the judge, it was in the power of the defendant to have had it corrected at the trial. But it seems to us that the charge, in view of the facts developed at the trial, and the previous instructions to the jury, is *Page 32 
unobjectionable. While the judge most explicitly and truly told the jury that the making of the charge, and its denial by the defendant, furnished no evidence against the defendant, he very properly forbore to tell them that if the charge was repeated on another occasion, in the presence of different auditors, and the defendant remained silent, his previous denial was a shield to him, and no unfavorable inference was to be drawn from his silence on the repetition. We do not see why the defendant's conduct on such repetition of the charge was not to be considered by the jury, under the rules and instructions given to them by the court. It was a circumstance of more or less weight in determining the fact as to the assault having been committed by the defendant, and as such, we think, was properly submitted for the consideration of the jury.
The judgment should be affirmed.