## ANSEN *a.* TUSKA.

*New York Superior Court; General Term, June,* 1863.

### DISCOVERY AND INSPECTION.

The court have no power, on motion, to compel a party to an action to submit articles which are the subject thereof, and are neither books, documents, nor evidence of themselves, to be inspected by third persons, in order to enable them thereby to qualify themselves to testify as experts, in the action, for the party applying, as to the mere quality of such articles.

This was an appeal from an order denying a motion for a discovery.

The plaintiffs, Louis Ansen and others, brought this action upon an alleged breach of a contract by the defendant, Philip H. Tuska, to purchase, by sample, a quantity of merchandise, which the defendant had refused on a tender of it to accept, on the ground that it did not correspond with the sample.

The defendant moved, on affidavits that an inspection of such articles by third persons was necessary to his defence, for an order compelling the plaintiffs to produce the goods at a time and place to be fixed by the court, to be inspected by persons to be selected by him, to enable them to testify as experts as to the correspondence of such articles with the samples.

The motion was heard at special term before Mr. Justice ROBERTSON, who denied it; and from the order entered on his decision the defendant appealed.

By the Court.*—Robertson, J.—I am induced by a fuller examination and more full reflection to adhere to my views first expressed in this case at special term. I was then startled with the novelty of the application, and could find no principle or authority to warrant granting it. It may be morally obligatory on either party having in his possession exclusively, information beneficial to the other party in the litigation between them, to disclose it to him; but the duty is one of imperfect obligation, not capable of practical definition or legal enforcement. Of course, the court has means at its disposal for such enforcement, if it were proper. Assuming that it clearly appears *prima facie* that a party seeking the aid of the court to enforce such disclosure, has a case to sustain, it will always be difficult to determine that the party applying is without any other means of accomplishing the desired results but the information sought. It would not be safe to allow the party applying, to be the sole judge of whether a disclosure or inspection of certain articles were indispensable for the purposes of doing justice, and his assertion to that effect to be conclusive.

The present is, however, not strictly an application for discovery; that is confined to an examination of adverse parties as witnesses, and the production of books, papers, documents, and entries. In such cases, the testimony of such parties becomes available directly as evidence in the action, and copies taken or furnished of such writings may be produced in the absence of the originals. But it is contended that the principle which allows the compulsion of such discovery, is equally applicable to a compulsory inspection of articles of merchandise which form the subject-matter of an action, by third persons, in order to enable them to speak more intelligently and clearly, and with less loss of time on the trial, if their entire qualification to act as witnesses at all did not depend upon it.

It is very clear that such relief could not, under the former division of the jurisdictions of courts, have formed the subject of an action in equity, and there is no authority or principle to be found to sustain it. A final decree in an action to compel a party to produce, for the inspection of his adversary's pro-

---

spective witnesses, the subject of controversy, would be entirely novel. If such power exists anywhere, it must be in the exercise of equitable jurisdiction by common-law courts. The only exception in which that has been exercised, has been by the deposit of deeds (Jackson *a.* Jones, 3 *Cow.*, 17), and notes (Brush *a.* Gibbons, *Ib.*, 18, n.) charged with being forgeries. An instrument required to be filed in a proper office (People *a.* Vail, 1 *Cow.*, 589; S. C., 2 *Ib.*, 623) by a stranger, is hardly an exception.

In the present case the defendant refused to receive the merchandise sold, the price of which is now sued for, because it did not correspond with the sample by which it was sold; he therefore naturally may be presumed to have furnished himself, at the time it was tendered, with the means of proving such want of correspondence. The plaintiff is bound, in order to make out his case *prima facie*, to establish that the goods were of the kind sold; the mere outward appearance of a few of such articles would not be sufficient; he must establish their thorough compliance with such description. If the defendant had no means of ascertaining the compliance of such article when tendered with such terms of their description, he should have taken them into his possession and returned them, as he had a right to do, as soon as with reasonable diligence he had ascertained, and so thoroughly as to be capable of proving it, that the articles did not correspond with the samples. By rejecting them at once, without such full examination, he incurred by his own negligence whatever risk there was of not being able to prove conclusively the inferiority of the article, and he is not entitled now to call upon this court to exercise an unprecedented power to furnish him with an opportunity for such examination, in order to repair the consequences of such negligence.

The order appealed from must be affirmed, with costs.