By the Court,
Monell, J.
I was inclined on the argument, to think that enough did not appear in the petition, to enable the court to judge whether the letter sought to be discovered, contains evidence legally relating to the defense. Its contents were not stated or attempted to be described, and the bare statement that it contains evidence, to the effect that the plaintiffs had no legal claim against the defendant, is perhaps a legal conclusion which may be drawn from tire contents of the letter, when it shall have been produced. But it did not put the court in possession of any fact. In cases where a discretionary power is lodged in a court, the exercise of such power must have a foundation of facts; and the mere assertion of a fact, without the history or detail of circumstances upon which it is based, is not generally deemed sufficient. It is a mere assertion of a conclusion derived from a detail of circumstances which are not stated.
In this case, however, the allegation is not upon information and belief, but positive that the paper contains evidence showing, or tending to show, that the plaintiffs have no legal claim against the defendant. Besides, the allegation is not controverted by the plaintiffs, who, if the fact was otherwise, could have denied it on the motion. Therefore, for the purposes of the motion, I shall regard the allegations in the petition as sufficient, if. otherwise the defendant is entitled to the discovery.
The letter of which discovery is sought, was written by the petitioner to the plaintiffs, in answer to a letter written by the latter to the former ; and it is objected that such a letter cannot be given in evidence by the defendant. It is true that the statute contemplates a discovery of such documents or papers only, as a party would be permitted to produce in evidence in his own behalf on the trial. (Meakings v. Cromwell. 1 Sandf. *17 698.) Books or papers which would not he evidence for him, • and only evidence against him, are not, it seems, the subjects of discovery; although in one case, (Powers v. Elmendorf, 4 How. Pr. 60,) it is held that such discovery may be had when one party desires to ascertain what documentary evidence his adversary has upon which he is relying to sustain himself upon the trial.
It is not disputed that if, in any aspect the case may assume, the letter in question may become competent evidence for the defendant, it is proper it should be discovered to him.
There are many cases where the acts and declarations of a party may be proved in his own behalf; such as acts of avoidance or disaffirmance ; or an acceptance of, or a refusal to accept an offer. In these cases, where the thing to be avoided or disaffirmed, or the offer which is to be accepted or refused, is proved, the other party may always give in evidence his act or declaration to disprove the case made against him, It is upon the same principle that the whole of a conversation or declaration may be called for by .a party who is sought to be charged by a part only. These principles are too familiar to need illustration.
Presumptions are frequently raised against a party by his positive act as well as by his silence. The payment of an account is presumptive evidence of its correctness against the party paying; and even the retaining an account for a considerable time, implies its acceptance, and is sufficient to make it an account stated. (Lockwood v. Thorne, 11 N. Y. Rep. 170.)
It is not difficult to conceive a number of instances where, in this case, the paper sought to be discovered may be material and competent evidence. Suppose the plaintiffs* letter to the defendant should be offered, to show a notice necessary to be given; or, an offer of some kind ; or the assertion of some material fact. From the silence of the defendant, on the receipt of such a letter, every legal presumption would arise against him, and it might become highly important, as well as *18 eminently proper, that he should be allowed to remove such presumption, by the proof of his act of disavowal.
The declarations of a party cannot, as a general thing, be used in his own behalf, but when made in the presence and hearing of the other party, they are always admissibl e. (Thomas v. Mills, 4 E. D. Smith, 75. Jewett v. Banning, 21 N. Y. Rep. 27.) A letter and an answer thereto, is not unlike a conversation. If part is given in evidence by one party, the other party is entitled to have-the whole given. (Bronson v. Wiman, 8 N. Y. Rep. 182.)
I do not think there is. any reason in this case, for refusing to exercise the powers of the court to compel a discovery of the letter of the defendant now in the possession of the plaintiffs. It may be competent evidence for the defendant on the trial, and he ought not to be deprived of such evidence by the mere arbitrary refusal of the plaintiffs to produce it.
For these reasons I am for reversing the order.
Order reversed.