HENRY C. HEPBURN, APPELLANT, v. OLIVER H. P. ARCHER, RESPONDENT.

*When the plaintiff will be required to deposit the contract sued on for inspection, though he denies having the possession thereof.*

The plaintiff brought this action claiming to recover as the assignee of one Fisk upon certain written contracts made by and between the defendant and said Fisk. The defendant, claiming that the said contracts were forgeries, applied for an order requiring the plaintiff to deposit them with the court, in order that he might inspect them. The plaintiff, in his opposing affidavit, said "that he has not now, nor has he had ever in his possession or under his control, any of the above-named contracts."

*Held*, that his bare denial of the possession of the contracts upon which he had sued, without any explanation or further statement of the facts, was not sufficient to require the court to deny the application.

APPEAL from an order made at Special Term, requiring the plaintiff to deposit with the court certain contracts and statements of account.

This action was brought by the plaintiff as assignee of Lucy D. Fisk, as executrix, etc., of James Fisk, Jr., deceased, to recover moneys alleged to be owing by the defendant under a contract, alleged to have been made by him with the testator in his life-time. Under this contract it was claimed that the defendant was to pay to the said Fisk a certain proportion of the profits which might be made under a certain other contract existing between the defendant and the Erie Railway Company.

The defendant claimed that the contracts referred to in the complaint were forgeries.

On January 5, 1880, an order was granted to the defendant requiring the plaintiff to show cause why the former should not be allowed to inspect and take copies of the contracts and statements of accounts referred to in the complaint.

In opposition to the defendant's motion, the plaintiff read his own affidavit and that of Lucy Fisk, each containing the following clause : "Deponent further says that he has not now, nor has he had ever, in his possession or under his control, any of the above-named contracts or statements of accounts, nor has he any copies of the same."

*S. W. Fullerton*, for the appellant.

*W. Dorsheimer*, for the respondent.

BARRETT, J. :

There may be cases where a verified denial in the precise language of the statute would be sufficient ; but such an affidavit will hardly do where the plaintiff sues upon a written instrument which should naturally be in his possession. For instance : If A sues B on a promissory note, it will not answer for A, when called upon in a proper case, to say, without explanation, that the instrument is not in his possession or under his control. Here the plaintiff claims, as the assignee of certain contracts which the defendant believes to be forgeries. Their deposit may properly be required. (*Jackson* v. *Jones*, 3 Cow., 17.)

The plaintiff should have the instruments in his possession or under his control if his complaint be true. That at least would be the natural presumption. If, however, they were really assigned to him without delivery, he should have frankly stated all the facts, and the court could then have judged whether the claim of inability to produce *was well founded. His reticence under the circumstances disclosed is suspicious, and his denial is consequently not what the Code requires, satisfactory. (Code of Civil Procedure, § 806.)

We cannot permit any possible mental reservation, as to what constitutes possession or control, to deprive the defendant of a proper preparatory investigation on the suggestion of forgery or alteration.

The order should be affirmed, with ten dollars costs, and disbursements of the appeal.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed.