Beckwith, Ch. J.
—This is a motion for the reargument of an appeal from an order made at special term “ for an examination of *447 the plaintiff as to the source and character of the title to the lands mentioned in the complaint.”
This action is ejectment The court at special term decided that an examination of the plaintiff as to the nature and source of his alleged title was material and necessary to enable the defendants to prepare their answer.
The facts and circumstances stated in the defendants’ affidavits, upon which they rely to show that the examination of the plaintiff is material and necessary, are very much the same facts and circumstances that would be put forth" by the possessor of land against a stranger who should come along and claim to own his land. The defendants say in effect that they cannot form any idea of the theory, pretense or claim upon which the plaintiff sets up a right to the land; that they have searched the records and made inquiries and cannot get any hint or notion of the ground upon which the plaintiff claims to be the owner of the parcel of land in question; that the plaintiff does not disclose how he became the owner, whether by deed, devise or otherwise, and they affirm that the nature of their defense is that the plaintiff has “no right, title or interest in or to said premises, and no present right to the possession thereof as against the plaintiff." They aslc the plaintiff to disclose his title, the nature of it, by showing the source of it, so far as to enable them to answer intelligently.
The defense will consist not only in establishing the validity of the title claimed to belong to the defendants, but also in showing the invalidity of the plaintiff’s title. To overthrow the plaintiff’s title is obviously one defense, which the defendants would have a right to attempt to ■ accomplish, and the quality and character of that title is matter as material and necessary for the establishment of the defendants’ answer as the plaintiff’s complaint.
And it was in this view that when the defense consists in destroying the plaintiff’s case, it was held, under the chancery jurisdiction, that a defendant could, sometimes enforce discovery from a plaintiff, when under like circumstances a plaintiff could not examine into a defendant’s proof or ground of defense. Hoffmann v. Postill, L. R., 4 Ch. App. Cases, 678.
It is true that the defendants could answer by a general denial, but they would be in the dark, and the object of an examination of the plaintiff would be to enable them to answer intelligently ; to enable them to know something about what they are setting up an answer against; what the title claimed by the plaintiff is; what source it comes from. I think the plaintiff is bound to answer questions that will exhibit his title, for such disclosure would enable the defendants to answer, although plaintiff could not be compelled to discover the instruments of proof by which he intends" to support his claim, any further than necessary to show the source of title.
The judge who made the order appealed from, says in his ■ opinion : “ The defendants must necessarily attack the plaintiff’s title, or show a better one in themselves. It appears that the defendants have failed, after search and inquiry, to ascertain what the source of plaintiff’s title is, and I can see how such informa *448 tion may be necessary to the defendants in framing their answer to meet the facts. I think, however, that the examination should be limited to the sole question of the source and character of plaintiff’s titla”
It thus appears that Judge Titus took notice of precise facts and circumstances which he thought justified the exercise of the discretionary power given by the statute to grant the order. We are unable to say that that power was improperly exercised in this casa The examination is ordered to be confined to the character and source of the plaintiff's title, and is not to be extended to collateral matters, such as surveys, boundaries, practical location, nor to the plaintiff’s means of proof, further than necessary to disclose the source of the alleged titla The defendants would ■seem to be entitled to so much light as that. Adams’ Eq., p. 9.
In Powers v. Elmendorf, 4 How. Pr., 60, Justice Harris held that defendants should be compelled to disclose title deeds. But this proceeding is governed by the statute and the rules of court. The defendants’ papers conform technically to the requirements of the Code. Eule 83 requires the defendants to state the facts and circumstances which show that the examination of the party is material and necessary. Here the defendants have stated the facts and circumstances which they thought showed the necessity ■of the examination. Among other things they show that they ■cannot get any clue as to the claim of title, pretense or color of title under which the plaintiff alleges a right to recover the premises. The case as made upon the papers is like that of a citizen who, while occupying his property under an undoubted ownership, is sued by a stranger who alleges ownership in himself, but upon what title or claim the defendant is unable, after search and enquiry, to get any light. The judge who granted the order deemed the facts sufficient, and we cannot say that there was an abuse of his discretionary power. Glenney v. Stedwell, 64 N. Y. 120; Herbage v. City of Utica, 109 id., 81; 14 N. Y. State Rep., 845
We understand that ordinarily a defendant cannot compel a plaintiff to produce for examination the evidence, documentary or other kinds, upon which he. relies to establish his case unless there is some fact in connection therewith which the defendant relies upon to establish his defense, when he may have discovery, as was done in Jackson v. Jones, 3 Cow., 17, and in Kearny v. Jeffries, 48 Miss., 343.
In ejectment the defense may depend upon the ability of the defendant to attack and expose invalidity in the plaintiff’s alleged title, and in order to plead and to prepare himself for such a mode of defense he would find it material to have some knowledge of the source of the plaintiff’s alleged title whether founded upon deeds, inheritance, will, fraud, estoppel or other claim. Of course the plaintiff in order to recover must establish his title, but that does not alter the position of the defendants, who, before they can intelligently plead, must have some information as to the source of that title which the plaintiff alleges he has, and in respect to which the defendants, after effort to find out its character remain in the dark
*449 We think the order of this court affirming the order of the ■special term should not be disturbed, and, therefore, the motion for a re-argument is denied.