### DOWNEY v. MACALEENAN.

*(City Court of New York, General Term. December 29, 1891.)*

REPLEVIN—ORDER FOR INSPECTION BY PLAINTIFF—WHEN DENIED.

In an action of replevin against a pawnbroker, defendant gave bond and retook the goods after they had remained in possession of the officer nearly two weeks, during which time plaintiff had negligently omitted to inspect them. *Held*, that plaintiff was not entitled to an order allowing him to inspect the goods.

Appeal from special term.

Action of replevin by William Downey against Henry MacAleenan. Defendant appeals from an order requiring him to allow plaintiff to inspect the goods in controversy, in his possession. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and MCCARTHY, JJ.

*G. C. Comstock,* for appellant. *F. Bien,* for respondent.

MCCARTHY, J. This is an appeal from an order granting à motion made by plaintiff to direct the defendant herein to permit an inspection of the goods replevined in this action, and which were reclaimed by the defendant herein. The defendant, MacAleenan, is a pawnbroker, duly licensed, and this is an action of replevin against him to recover possession of certain property alleged by plaintiff to be in Mr. MacAleenan's possession. The summons, affidavit, and requisition were issued to the coroner of this county on the 14th day of October, 1891, and received by Mr. Hawkes, the deputy-coroner in charge of such actions. The defendant, MacAleenan, rebonded, serving his affidavit and undertaking for the return of the chattels upon the coroner as well as upon Mr. Bien, the plaintiff's attorney, on October 26, 1891. The coroner took possession of the property shortly after October 14, 1891, when he received the original writ. At the same time—that is to say, on the 26th—the

notice of justification for the 28th October was served upon the coroner and upon Mr. Bien, the plaintiff's attorney. On the morning of the 28th October, 1891, the defendant's sureties on his undertaking for the return of the chattel justified before Justice VAN WYCK. The defendant's undertaking was thereupon approved by Judge VAN WYCK, and his property forthwith returned to the defendant MacAleenan, who has ever since had it. It therefore appears that the coroner had the property 14 days in his possession before he returned it to the defendant, MacAleenan. In the mean time plaintiff had not seen or inspected the property; and on or about the 29th October, 1891, he made a motion for an order to direct the defendant, MacAleenan, to allow it to be inspected. He made this motion upon an affidavit alleging that on October 28th, the date the coroner returned this property to the defendant, MacAleenan, he served a notice upon the coroner, stating that he wanted to see it before it was returned to the defendant, MacAleenan. Mr. Hawkes, the deputy-coroner, says that he never received any such notice until after the property was delivered back to the defendant, MacAleenan. Then, in answer to Mr. Hawkes, Mr. Bien makes an affidavit in which he says that he did not give notice to Mr. Hawkes personally, but left it on his desk in the county court-house. These affidavits, therefore, do not conflict; and it must therefore be said that it stands admitted that Mr. Hawkes did not get this notice until after he had given back the property to the defendant, MacAleenan. The motion Mr. Bien made for an inspection was opposed by the defendant, MacAleenan, upon certain grounds, and came on for argument before Mr. Justice McGOWN, who granted the motion. Upon his decision an order was entered on December 7, 1891, directing the defendant, MacAleenan, to allow an inspection of the goods in question within three days from the service of a copy of the order upon his attorney; and it is from this order that the defendant, MacAleenan, appeals, and desires now to be heard by this court. The order from which the appeal is taken is found on the first page of the printed papers on appeal. The order to show cause, upon which said order was granted, is found at page 3 of the printed papers. The affidavit and notice upon which the order to show cause was granted are found at pages 4 to 7, inclusive; the affidavit in opposition, at pages 8 to 11, inclusive; and the affidavit in reply to this, at pages 11 and 12. The original summons, notice, affidavit, and undertaking in replevin in this action are found at pages 13 to 18, inclusive. The notice, demand for the return, and the undertaking for the return, and the affidavit of the defendant, MacAleenan, made in said action, are found at pages 19 to 25, inclusive, of the case; the proof of service of this upon Mr. Bien on the 26th October, 1891, at page 25 of the case; and the notice of appeal from the order of Mr. Justice McGOWN, found at page 26 of the case.

The property is now in the possession of the defendant, and is the subject of the present litigation. We have examined the books carefully for precedents to sustain the position claimed by the respondent, and, with the exception of *Walsh* v. *Sayre*, 52 How. Pr. 334, can find none. This case is a superior court, special term, decision, and has not the support of authority. On the contrary, the superior court, general term, in *Neuman* v. *Railroad Co.*, 50 N. Y. Super. Ct. 415, (INGRAHAM, J.,) says: "The case of *Walsh* v. *Sayre*, 52 How. Pr. 334, is the first case in which such an application was passed on by the court that I have been able to discover. That was an action against a physician for malpractice, and on application of the defendant the special term of this court ordered the plaintiff, an infant, to submit to an examination." It was admitted by the learned judge in his opinion in that case that there was no recorded case where such an application has been granted, and it appears to me that the reasons on which he bases his conclusions are rather those that should be addressed to the legislature to enlarge the powers of the courts. The position taken by that case, that the

abrogation of the rule that a party interested in the event of an action cannot be permitted to testify removes all restraint, and leaves the court to unfettered action, except so far as it is curbed by the provisions of the statute, appears to me broader than can be sustained.   The effect of the removal of the restriction is that rules for the examination of the party thus allowed to testify should be governed by the rules applicable to the examination of other witnesses.   It gives the court no greater power over such parties than it had over other witnesses.   The provision of the Code is that, except otherwise specifically prescribed, a witness shall not be excluded or excused from being a witness by reason of his or her interest in the event of an action, etc.   Code Civil Proc. § 828.   The courts have uniformly refused to compel a party to submit property or chattels that were the subject of controversy to the inspection of experts or to the adverse party.   *Ansen* v. *Tuska,* 19 Abb. Pr. 392, 393.   See (supreme court of United States) *Railway Co.* v. *Botsford,* 11 Sup. Ct. Rep. 1000; also N. Y. Law J. Dec. 28, 1891; *Miner* v. *Gardiner,* 4 Hun, 132.   The court had no power to make the order.   *Roberts* v. *Railroad Co.,* 29 Hun, 154, 156.   See, also, 50 N. Y. Super. Ct. 416.   In *Cooke* v. *Manufacturing Co.,* 29 Hun, 643, DYKMAN, J., says: "We find neither precedent nor authority for this order under the common law, the Revised Statutes, and the Code of Civil Procedure."   The plaintiff had an opportunity to examine and inspect the property in question between October 16 and October 28, 1891, while it was in the care and possession of the coroner, but he did not do so.   The first move on plaintiff's part was the leaving of a notice on October 28, 1891, at the office of the coroner, demanding an inspection of the chattels.   It was not served personally on the coroner or his deputy, and the property had been 12 days in their possession.   The plaintiff was therefore guilty of laches, and must suffer the consequences.   He certainly cannot now call upon this court to exercise an unprecedented power to furnish him with an opportunity for such examination in order to repair the consequences of such negligence.   Section 2706, Code Civil Proc., is the only section which gives the power of inspection or discovery over personal property, but this only applies to matters within the jurisdiction of the surrogate. For these reasons the order appealed from should be reversed, with costs.

All concur.