WILLIAM T. HART and Others, Respondents, *v.* THE OGDENSBURG AND LAKE CHAMPLAIN RAILROAD COMPANY and Another, Appellants.

*Discovery of books and papers — exercise of discretion by the Special Term.*

While the General Term has power to review the exercise by the Special Term of its discretionary powers on an application for a discovery of books and papers under the Code of Civil Procedure (Chap. 8, tit. 6, art. 4, §§ 803, *et seq.*), it will not reverse the action of the Special Term, unless it quite clearly appears that upon the merits of the motion the Special Term has erroneously exercised its discretion.

The discretion vested in the court on such an application should be liberally exercised to enable parties to properly prepare for trial.

APPEAL by the defendants, the Ogdensburg and Lake Champlain Railroad Company and the Central Vermont Railroad Company, from an order made at the St. Lawrence Special Term, and entered in the office of the clerk of St. Lawrence county on the 30th day of January, 1893, granting the plaintiffs' application for a discovery and permission to take copies of the defendants' books and papers.

*Louis Hasbrouck, Daniel Magone* and *John C. Keeler,* for the appellants.

*Theodore H. Swift, William Caleb Loring* and *Charles O. Tappan,* for the respondents.

HERRICK, J.:

The granting or withholding an order for a discovery under chapter 8, title 6, article 4 of the Code of Civil Procedure is a mat-

ter of discretion in this court, at Special Term, subject of course to review at General Term. (*Finlay* v. *Chapman*, 119 N. Y. 404.) While the General Term has power to review the exercise of its discretion by the Special Term, it will not reverse its action unless it pretty clearly appears that upon the merits of the motion the Special Term has erroneously exercised its discretion.

An examination of the printed case in this appeal fails to satisfy me that upon the merits the Special Term improperly exercised the power vested in it.

The discretion vested in the court should be liberally exercised to enable parties to properly prepare for trial; and it seems to me that the reasoning of Justice HARRIS, in *Powers* v. *Elmendorf* (4 How. Pr. 60), applies to the provisions of the Code as they now exist. He there said: "I can see no good reason why a party should be permitted to withhold from the knowledge of his adversary documentary evidence affecting the merits of the controversy, only to surprise him by its production at the trial. Unless for some satisfactory reason to be made apparent to the court, each party ought to be required, when it is desired, to disclose to the other any books, papers and documents within his power which may contain evidence pertinent to the issue to be tried. If the evidence thus disclosed should be conclusive upon the issue the parties may be saved the expense of a trial, and if not, they will come to the trial upon equal terms, each prepared, so far as the evidence within his reach will enable him to do so, to maintain his side of the controversy. This I believe to have been the intention of the Legislature, and this I regard as the true construction of their enactment on this subject."

The order appealed from should be affirmed, with ten dollars costs and printing and other disbursements of this appeal.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order affirmed, with costs and printing disbursements.