THE CITY OF SYRACUSE, Appellant, *v.* THE GLENSIDE WOOLEN MILLS, Respondent, Impleaded with Others.

*Condemnation of real property — water rights — inspection to obtain evidence as to value — the Syracuse Water Act, chapter 291 of 1889.*

In a proceeding to condemn water rights for a public use, the court has no authority at common law to require a defendant to permit, for the purpose of acquiring evidence as to value on the assessment of damages, an inspection to be made of buildings and lands not covered by the petition and not to be condemned in the proceeding.

The provision of the " act to establish and maintain a water department in and for the city of Syracuse " (Laws of 1889, chap. 291, § 3), that " the board, its officers, agents and employees are authorized to enter upon any lands or waters for the purpose of making such surveys, examinations and investigations as shall seem to them necessary in the faithful performance of their duties," is not to be construed as conferring on the court, in a proceeding to acquire water rights, instituted by the city under that act, power to compel a party to permit an examination by experts of buildings and machinery which are not to be taken by the proceeding, to the end that such experts may give evidence on the assessment of the value of the property to be taken.

APPEAL by the plaintiff, the City of Syracuse, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Onondaga county on the 27th day of October, 1893, denying the plaintiff's motion for an order " enjoining and restraining the defendant, the Glenside Woolen Mills, from refusing admittance to its grounds and buildings and full opportunity for inspection and examination thereof, and of the machinery and appliances therein, for the purpose of forming an opinion as to the value thereof, to such persons as shall be designated and employed for the purpose by the Syracuse Water Board."

This is a condemnation proceeding, instituted by the plaintiff to acquire water and water rights of the defendant.

*George N. Kennedy* and *C. L Stone,* for the appellant.

*Frank Hiscock* and *George Barrow,* for the respondent.

HARDIN, P. J. :

It is stated in the order that the motion was " denied on the sole ground that the court has no power at common law, or under the statute (Chapter 291, Laws of 1889), to compel the defendant to

permit plaintiff's experts to examine the mill in question or its contents, for the purpose above named," to wit, " to give evidence of the value of the same before commissioners appointed herein to assess the damages." The petition was made a part of the moving papers used at the Special Term. By the petition it appears that Skaneateles lake is situated some seventeen miles southwesterly from the city, and is a body of fresh water about fifteen miles long; that it is " a proper and desirable source of supply from which to obtain water for the uses of the city of Syracuse and its inhabitants; that it has been " duly and finally selected and determined upon as the proper and only adequate and available source for water supply; that chapter 291 of the Laws of 1889 and chapter 314 of the Laws of 1890 were passed ; " that "in order to obtain a suitable and adequate reservoir and source of supply * * * and in order to comply with the terms and conditions of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, it is necessary that the city * * * shall increase the storage capacity of said lake sufficient to store therein all the ordinary flow of its watershed, and shall store therein, divert and draw therefrom, such quantities of water as, from time to time, the uses of said city and its inhabitants may require, and shall withhold in said lake, and from the outlet thereof, any and all waters heretofore accustomed to flow therefrom and therein * * * and which shall not be required for the Erie canal; " it is also stated that the defendant, " as owners, lessees * * * and otherwise of and upon concerning certain parcels of land abutting, adjoining and contiguous to the outlet of Skaneateles lake or some part, have or claim to have some *right, title or interest* of, in and to the waters of Skaneateles lake and the use thereof, as the same have hitherto been accustomed to flow from said lake through said outlet, and along, over, upon and contiguous to " this parcel of land. The petition sets out a description of the lands owned by defendant, and states " the value of the rights, title and interest of, in and to the waters of Skaneateles lake and the use thereof, as the same have been accustomed hitherto to flow in said outlet, and as the same might flow therein hereafter, but for the proposed action of the plaintiff in storing, obtaining, using and diverting the same for the purposes aforesaid, which said water rights are or are claimed to be appurtenant to said parcel of

land " so owned by defendant.    The petition further states :  " The plaintiff asks to condemn and acquire all and several the right, title and interest of the defendant    *    *    *    of, in and to the waters of Skaneateles lake and its watershed, as the same flow, or might otherwise flow, in the outlet of said lake, and upon, along, over, contiguous and appurtenant to the land and premises adjacent to said outlet " described in petition as belonging to defendant.    Following such description is a statement of  " the value of the water rights sought to be condemned and acquired which are appurtenant to the above-described property."    It is alleged also,  " That the property hereby sought to be acquired is necessary and requisite to the acquiring, constructing, improving, controlling, maintaining and operating the system of water works contemplated by the laws hereinbefore referred to."    The prayer of the petition  " demands that it may be adjudged that the public use requires the condemnation of all the right, title and interest of the defendant    *    *    *    of, in and to the waters of Skaneateles lake and its watershed, as the same flow, or might otherwise flow, in the outlet of said lake and upon and along, over, contiguous and appurtenant to " the land described, owned by defendant and in which it has an interest, except so much thereof as may be permitted to flow through " the outlet thereof for the purpose of supplying the Erie canal."

From the quotations and statements of the petition, it seems manifest that the plaintiff is seeking to condemn and take from the defendant its water rights and water privileges, and that the petition is not drawn with a view of condemning the buildings, machinery and lands on which they are situated belonging to defendant.

It is thus made apparent that the plaintiff seeks an order requiring the defendant to permit an entry into buildings and upon lands which are not to be condemned and taken under the petition made when the proceedings were instituted.    Cases in which the courts have refused to require defendants to submit property to an inspection seem to be applicable.

In *Newham* v. *Tate* (1 Arnold, 244) and *Turquand & Another* v. *The Guardian of the Strand Union* (8 Dowl. Pr. 201) an order that an examination of property of defendants be permitted was refused. In so far as the motion was denied, because at common law the court was not authorized to grant it, we think the Special Term was

sustained by authority. (*McQuigan* v. *D., L. & W. R. R. Co.,* 129 N. Y. 50; *Union Pacific Railroad Co.* v. *Botsford,* 141 U. S. 250; *Minor* v. *Gardiner,* 4 Hun, 132; *Downey* v. *MacAleenan,* 16 N. Y. Supp. 916; *Cooke* v. *Manufacturing Co.,* 29 Hun, 641; *Ansen* v. *Tuska,* 19 Abb. 391; Code Civ. Proc. § 3382.)

The act of 1889, section 3, contains the following language : " The board, its officers, agents and employees are authorized to enter upon any lands or waters for the purpose of making such surveys, examinations and investigations as shall seem to them necessary in the faithful performance of their duties." We are not disposed to construe this provision of the statute as indicative of an intention of the Legislature to confer upon the court power to compel a party to permit an examination by experts of buildings and machinery which are not to be taken by the proceedings, to the end that such experts may give evidence before commissioners who, as in this case, are to assess the value of the water rights of the defendant, and " to ascertain the compensation which ought justly to be made to the defendant " for the " rights and property to be taken."

We think the motion was properly denied and that the order should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.