### RHOADES v. SCHWARTZ et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

DISCOVERY—EJECTMENT—JOINDER OF ISSUES—MATERIALITY—NECESSITY.

Where in ejectment issue was not joined, an application to require defendants to produce and deposit in court for plaintiff's inspection an alleged fraudulent deed charged by the petition to be in their possession was properly denied, though the court has power in its discretion to impound a paper shown to be material, since in such stage of the pleadings there was no proof that defendants would rely on such deed to establish title, or that it would necessarily come into the case.

Appeal from special term, New York county.

Ejectment by Pauline Rhoades against Emma Schwartz and another. From an order denying an application for discovery of a paper, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

John E. Parsons, for appellant.
Willard U. Taylor, for respondents.

PATTERSON, P. J. From an order denying an application of the plaintiff for a discovery and inspection of a certain paper writing purporting to be a deed of premises involved in this action the plaintiff appeals. The action is in ejectment, and was not at issue at the time this application was made. The plaintiff, by her petition, represented that she was the heir at law of Eliza Schmid, who died seised of certain real estate in the city of New York, and that she (the plaintiff) is also named as devisee of said premises in a will made by Eliza Schmid prior to the year 1890; that Eliza Schmid has been an incompetent person for many years; that in March, 1900, there was recorded in the office of the register of the city and county of New York an instrument purporting to be a deed made by Eliza Schmid to one Emma Schwartz of the premises to recover possession of which the action is brought; that the deed bears date the 1st of September, 1897, and purports to have been acknowledged before a notary public on the 8th of September, 1897; that the plaintiff caused the original of said alleged deed, while it was in the possession of the register of the city and county of New York, to be examined by an expert in matters of handwriting, and was informed by said expert and believes that the said deed is in the usual printed form of a deed with blanks filled in with script writing done with pen and ink, and that the portions so filled in were done with two kinds of pens, to wit, a broad stub pen and a fine-pointed pen, and in ink of two colors and kinds, which appear to have been done at different periods of time; that the original date, the description of the property, and the name of the grantor were all written in with a stub pen, and may have been written in the month of September, 1897, but that the other insertions, namely, the name of the grantee, the date on the back, the signature of the witness, the signature of the grantor, the date of the acknowledgment clause, and signature of the notary public, were written with a fine-pointed pen, and could not have been written earlier than September, 1899; and that the name of Emma Schwartz, which is the name of the grantee, was the name borne in 1897 by both of the defendants, who are mother and daughter. There is an affidavit of the expert containing statements respecting the condition and appearance of the deed, substantially to the same effect as those mentioned in the petition.

The general purport and effect of this petition is that one or the other of the defendants has in her possession a spurious deed,—one which is either forged, or has been fabricated, or in some way fraudulently prepared, and which an incompetent person was induced to sign. The court below denied the motion for a discovery and inspection on the ground that "no necessity is shown for making the order applied for at the present stage of the proceedings." That reason for denying the application is a valid one. It is not made to ap-

pear that it is necessary for the plaintiff to have a discovery and inspection of the deed at the present time as a document which will necessarily come into the case. The plaintiff's complaint is not before us, nor do we know upon what the defendants will rely to establish title. The plaintiff would not be entitled to a discovery of the defendants' evidence. After issue is joined, or when the pleadings are before the court, it can then be determined whether the plaintiff should have a discovery and inspection. If it appears that the defendants, in order to defeat the plaintiff's claim as heir at law, rely upon a forged deed, or an instrument the genuineness of which is disputed, and it becomes necessary that an inspection of the paper should be had, it is within the power of the court to order that the paper be impounded so that qualified witnesses may examine it and testify concerning it. Irrespective of any statutory provision relating to the discovery and inspection of papers, it is within the competency of the court in a proper case to require the deposit of a paper shown to be material on the trial of issues between parties. That power was asserted long ago. In Jackson v. Jones, 3 Cow. 17, which was, like this, an action in ejectment, the defendant relied for his defense on certain deeds. The plaintiff asked that they be impounded for inspection, on the ground that he expected to be able to prove, with proper opportunity for that purpose, that the deeds were forgeries, and the court granted a rule that the deeds be deposited with the county clerk. And so, where suit was brought against the maker of a promissory note, the defendant, upon an allegation that he believed the note was a forgery, and that he could prove it to be so if the court would direct it to be deposited where his witnesses could have reasonable access to it, moved for an order that the plaintiff be required to deposit the note with one of the officers of the court. The motion was granted, and it was ordered that the paper be deposited with the clerk of the supreme court, and that the defendant's witnesses should have access to it. Note to Jackson v. Jones, supra. But as it does not appear here that the defendants intend to stand upon this deed, and that (as the subject is now presented to us) its materiality is not and cannot be clearly shown until the pleadings are before the court, we think the order should be affirmed, with $10 costs and disbursements, but without prejudice to the right of the plaintiff to renew the motion at the proper time. All concur.