(57 Misc. Rep. 94.)

### PECK v. PECK.

(Supreme Court, Special Term, New York County. December 16, 1907.)

DISCOVERY—PRODUCTION AND INSPECTION OF WRITINGS—MATERIALITY.

 Where the materiality of a deed appears from plaintiff's motion papers, and it is the only document involved in the litigation, plaintiff is entitled to discovery and inspection thereof, and the same is not to be denied because a summons only, and no complaint, was served; the materiality of the deed appearing from the motion papers.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 115.]

Action by Samuel W. Peck against Josephine Peck. Motion by plaintiff for discovery and inspection. Motion granted.

Wolf, Kohn & Ullman (Sol. Kohn, of counsel), for the motion.
Leidy & Goldstein (Herman B. Goldstein, of counsel), opposed.

GIEGERICH, J. Upon the undisputed facts shown the petitioner is clearly entitled to a discovery and inspection of the deed in suit. It is objected by the defendant that since a summons only has been served the plaintiff is not entitled thereto, under the decision in Rhoades v. Schwartz, 52 App. Div. 379, 65 N. Y. Supp. 111. In that case it was held that a discovery and inspection could not be had, because it was not made to appear that the defendant intended to rely upon the deed or document sought to be inspected for its defense, and that unless it were so made to appear it could not be said that it was necessary for the petitioner to have an inspection of that document. In the present case the materiality of the deed distinctly appears from the motion papers, which deed the plaintiff seeks to have set aside for fraud. It is the only document involved in the litigation, and therefore the plaintiff should have such discovery and inspection, so that she may be able to show in her complaint whether or not that paper bears her signature, or whether it was used under the circumstances charged in her moving affidavit.

The motion is therefore granted, with $10 costs. A referee will be named on the settlement of the order to direct and superintend the discovery and inspection.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. GRANNISS.