IROQUOIS HOTEL & APARTMENT CO. v. IROQUOIS REALTY CO.

(Supreme Court, Appellate Division, First Department. June 19, 1908.)

DISCOVERY—STATUTES—INSPECTION OF BOOKS—RIGHT TO INSPECT.

Code Civ. Proc. § 803, permits an inspection of the books or papers of
an adverse party relating to the merits of the action or of the defense
therein. In an action for damages for wrongful eviction from premises
used by plaintiff as a hotel, defendant denied the eviction or that damage
resulted, and moved for an order for an inspection of books kept by
plaintiff showing resulting profit or loss of his business, which was denied.
*Held*, that the statute gives the right of inspection of books where they
affect the merits of a defense, and the defense need not necessarily be af-
firmative, and the motion should have been granted.

Appeal from Special Term, New York County.

Action by the Iroquois Hotel & Apartment Company against the
Iroquois Realty Company. From an order denying a motion for a
discovery of books of account, defendant appeals. Reversed, and
motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

Roger S. Baldwin, for appellant.
John J. Cunneen, for respondent.

PER CURIAM. The action is for damages for an alleged wrongful
eviction of the plaintiff from premises used as a hotel. In conducting
its business the plaintiff kept books showing resulting profit or loss,
and these books defendant asked to be permitted to inspect. The de-
fendant denies the wrongful eviction, or that any damage resulted.

The books of the plaintiff will show whether the hotel business was
profitable or not, and, if profitable, to what extent plaintiff suffered
damage from its eviction. Damages being claimed and denied, their
amount is a material issue in the case. Section 803 of the Code of
Civil Procedure permits an inspection of the books or papers of an
adverse party "relating to the merits of the action, or of the defense
therein." A right of inspection of books and papers is thus expressly
given by the Code to a defendant where they affect the merits of the
defense, and this defense need not necessarily be an affirmative one.
Such inspection may greatly facilitate the trial and relieve the court
from much detail, as well as apprise the parties so they meet the par-
ticular dispute involved, and should be granted where a proper case
is disclosed. Hart v. Ogdensburg & L. C. R. R. Co., 69 Hun, 497, 23
N. Y. Supp. 713; Powers v. Elmendorfs, 4 How. Prac. 60; Rhoades
v. Schwartz, 52 App. Div. 379, 65 N. Y. Supp. 111; Edmonds v. At-
tucks, 117 App. Div. 486, 102 N. Y. Supp. 636. We think the defend-
ant showed facts entitling it to the inspection asked for.

The order should be reversed, with $10 costs and disbursements,
and the motion granted, without costs.