REICH v. E. W. BLISS BUILDINGS, Inc.

(Supreme Court, Special Term, New York County.   July 18, 1911.)

DISCOVERY (§ 86*)—RIGHT TO—PREPARATION OF DEFENSE.

Under the provision of Code Civ. Proc. § 803, entitling a defendant to an inspection of books and papers, where it affects the merits of the defense, one sued for loss of wine, claimed by plaintiffs to have been of rare vintage and high value, is entitled to inspect plaintiff's books, on showing that the wine is not known to the local trade and inability to ascertain its value and cost.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Action by Elizabeth Reich against E. W. Bliss Buildings, Incorporated. On motion for examination of plaintiff's books. Motion granted.

See, also, 123 App. Div. 925, 108 N. Y. Supp. 1146.

Kellogg & Emery (Chester W. Cuthell, of counsel), for the motion. Charles Strauss, opposed.

LEHMAN, J. The plaintiff has brought an action for damages sustained by the loss of 40 cases of wine. She has served upon the defendant an itemized bill of particulars, claiming that the wines were worth $4,794. According to this bill of particulars this wine was of rare vintage and exceedingly high value. The defendant claims that no such wines are known to the wine trade of the city of New York, and that he has been unable to learn their value and cost, and asks an inspection and discovery of the plaintiff's books.

The denial of the amount of damages raises an issue. A right of inspection of books and papers is expressly given by Code of Civil Procedure, § 803, to a defendant where it affects the merits of the defense. Such defense need not necessarily be an affirmative one, and a defendant is, in a proper case, permitted an inspection of the plaintiff's books upon the defense that the amount of damages claimed has not been sustained. Iroquois Hotel & Apartment Co. v. Iroquois Realty Co., 126 App. Div. 814, 111 N. Y. Supp. 172. In this case the rarity and

peculiarly high value of the wines are an element to be considered upon the merits of the application.

The plaintiff, however, claims that she has no such books and papers. I cannot go so far as to say that the mere fact that the plaintiff gives the items of her claim for damages with some particularity raises a serious suspicion that her statement is untrue; but it does raise some suspicion that in making up the bill of particulars resort was had to some books and documents. If such books or documents, even if not in plaintiff's possession, are in her control, though in the possession of her husband, they should be produced. An order for a discovery cannot do the plaintiff any substantial injury, if no books are in her control; for in that event she can free herself of the burden of the order by making an affidavit to that effect.

I also find no laches in the application. Until the plaintiff pressed her complaint, it would have been useless for the defendant to prepare its defense. The order should provide that the plaintiff produce the books, either at her attorney's office or at the place of business of her husband or herself.

Motion granted, without costs. Settle order.