EDITH FAURIE, Respondent, *v.* HARRY LAZELLE, Appellant.

Assault and battery — defense that plaintiff was assailant — evidence — when defendant may prove that threats were made by plaintiff — erroneous refusal to permit defendant to prove facts contradicting evidence for plaintiff.

1. In an action for an assault where the defense is that plaintiff was the assailant defendant is entitled to prove the existence of a state of mind on the part of plaintiff which rendered that fact probable. Hence it was error in such a case to exclude evidence, *first*, that plaintiff had threatened to do defendant bodily harm prior to the time of the alleged assault; *second*, that defendant received a letter from plaintiff which imported unkindly feeling on the part of the writer.

2. It was error to refuse to allow defendant to deny plaintiff's statement that defendant paid bills at a sanitarium for her treatment for injuries growing out of the alleged assault since such payment, if made, was equivalent to an admission of defendant's responsibility for such injuries.

*Faurie* v. *Lazelle*, 141 App. Div. 931, reversed.

(Argued May 21, 1912; decided June 4, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Earle* and *John Ingle, Jr.*, for appellant. The trial court erred in refusing to allow proof offered by defendant to refute material portions of the testimony of plaintiff. (*Collins* v. *Butler*, 179 N. Y. 156; *Cassidy* v. *Cady*, 49 Misc. Rep. 478.) The trial court erred in refusing to allow the defendant to refute the plaintiff's testimony that he had paid her medical expenses subsequent to the alleged assault. (*Potter* v. *Bissell*, 3 Lans. 205.)

*Jesse S. Epstein* for respondent. There was no error in the rejection of evidence. (*La Beau* v. *People*, 34 N. Y. 223; *People* v. *Augsbury*, 97 N. Y. 505; *Canaday* v. *Krims*, 8 Wkly. Dig. 193; 83 N. Y. 67; *Carey* v. *B. H. R. R. Co.*, 124 App. Div. 524; *People* v. *De Garmo*, 179 N. Y. 130; *People* v. *Buchanan*, 145 N. Y. 1; *People* v. *Braun*, 158 N. Y. 558.)

WILLARD BARTLETT, J. The complaint charged the defendant with having assaulted the plaintiff on October 29, 1906, in the city of New York, by striking her two violent blows with his clenched fists, in the face and breast. The answer was a general denial. Two entirely different pictures of the alleged assault were presented upon the trial. According to the plaintiff she simply sought the defendant to obtain money of hers in his possession, when he attacked her just as she was about to enter an elevator in his office building, and inflicted the bodily injuries of which she complains. The defendant on the other hand represents the lady as having been the assailing party. His testimony and that of his partner, who was present, indicates that she approached him in a menacing manner and that he merely pushed her away, using no more force than was necessary to prevent himself from being harmed.

On this issue, the jury, under correct instructions, have found in favor of the plaintiff; and as the judgment entered upon their verdict has been unanimously affirmed by the Appellate Division, the only questions which arise for our consideration upon this appeal relate to the rulings of the learned trial judge upon questions of evidence.

At least two serious errors were committed in this respect which demand a reversal of the judgment.

The defendant sought to show that the plaintiff had threatened him with bodily harm prior to the time of the alleged assault. His counsel was not allowed to ask any questions tending to elicit proof to that effect. The exceptions to the rulings sustaining the plaintiff's objections to these questions were well taken. The defense was that the plaintiff was in fact the original assailant; and the defendant was, therefore, entitled to show, if he could, the existence of a state of mind on her part which rendered it likely that she would assault him. (*Jewett* v. *Banning*, 21 N. Y. 27; *Stokes* v. *People*, 53 N. Y. 164, 174.) A letter which the defendant received from the plaintiff, demanding money and ending with the words, "I will have the money at once *or you will have me;* am now ready for anything," was also erroneously excluded. It certainly imported unkindly feeling on the part of the writer and should have been received in evidence under the doctrine of *Jewett* v. *Banning* (*supra*).

The second conspicuous error in this record must have been equally serious in its effect upon the jury. The plaintiff gave testimony from which they could infer that she had been compelled to go to a sanitarium for treatment in consequence, in part, of the injuries inflicted upon her by the defendant, and she declared explicitly that he paid her bills while she was at the sanitarium. Nothing could be much more damaging than this statement, if true; because it was equivalent to an admission of the defendant's responsibility for her suffering; yet he

was not permitted to deny it.   The form of the question addressed to the defendant for the manifest purpose of eliciting a denial of the plaintiff's testimony on this point was unobjectionable, in view of what the plaintiff herself had said on the subject; and the error was too harmful in its character to justify an appellate court in disregarding it.

The foregoing considerations compel us to reverse the judgment and grant a new trial, with costs to abide the event.

CULLEN, Ch. J., HISCOCK, CHASE and COLLIN, JJ., concur; GRAY, J., takes no part; VANN, J., absent.

Judgment reversed, etc.