## SELIGMAN *v.* REAL ESTATE TRUST CO.

*Supreme Court Chambers, Special Term ; December,* 1886.

1. *Discovery and inspection.*] Under the Code of Civil Procedure a discovery and inspection is not to be refused merely because the document sought is not necessary to establish the applicant's case, but is only sought to ascertain his adversary's evidence. The Chancery rule to this effect is not applicable.

2. The case of Powers *v.* Elmendorf, 4 *How. Pr.* 60; s. c., 2 *Code Rep.* 44, approved and followed.

3. *Discovery of pleaded instrument.*] Where a party in his pleading sets up a document going to the merits of the action, interweaving it with his case, his adversary, if ignorant of it, is entitled to a discovery and inspection of it when necessary to enable him to prepare for trial.

4. *Petition for Discovery.*] Where partners join or are joined as a party and petition for a discovery, an affidavit to ignorance and necessity is not required from each number of the firm, but is sufficient if made by one.

5. Form of Petition and order for discovery held sufficient.

6. *Demand; and costs.*] An order granting discovery and inspection should be with costs where inspection of the document was asked for before moving and unreasonably refused.

Petition for discovery and inspection.

This action was brought to recover the alleged value of certain stocks and bonds, which, the complaint sets forth, were owned by the plaintiff, and were deposited with the defendant by them, under an agreement that they should be delivered to one, T. C. Bates, upon payment for account of the plaintiff of $70,313.63, with interest from January 7, 1882, less 10 per cent., and which it is alleged defendant in violation of said agreement delivered to the said T. C. Bates, without requiring the payment of the said amount.

The answer denied the material allegations of the complaint, and set up a variety of affirmative defences, and, amongst others, that in or about the month of September,

1882, the plaintiff having or claiming to have some interest in the said bonds and stocks, entered into an agreement with V. K. Stevenson, since deceased, who was at that time president of the defendant company, and T. C. Bates, both of whom also claimed to have some interest in said stock and bonds, for the purpose of utilizing the same, or obtaining some benefit therefrom, and to that end agreed among themselves to make the said T. C. Bates appear to be the bona fide holder, and owner of the said bonds.

That said Bates was then prosecuting, or about to prosecute, certain legal proceedings, in which it was necessary that he should appear to be the sole bona fide holder of said bonds and stock, and for the purpose of making such appear to be the fact in said proceedings, a certificate was prepared and agreed upon between the parties aforesaid, and which was caused to be signed by the person who at that time was secretary of the defendant corporation, but without authority, representing that the said stock and bonds were deposited with the defendant, and that certain other acts were done which are set forth in Paragraph 4, of the answer, to consummate that purpose, and which had the desired effect.

That in the further carrying out of said scheme, it was agreed that the bonds should be enforced by Bates, for the ultimate benefit of himself and the plaintiffs, and that under such circumstances, and after the determination of the said suit, concerning the ownership of the said stock and bonds, Bates, accompanied by a representative of the estate of the said V. K. Stevenson, then deceased, applied to the then president of the defendant corporation, who had no knowledge of the circumstances, and presented to him said certificate, executed by the person who, at the date thereof, was secretary of the defendant company. Thereupon the said president finding the bonds in the company's office, and believing Bates to be entitled thereto, in good faith delivered the bonds to Bates; and that if the said delivery was

unauthorized, the plaintiffs are estopped, by their acts, from taking advantage thereof.

The case was at issue, had been noticed for trial, and was on the general calendar.

*John E. Burrill (Geo. W. Seligman,* attorney), for plaintiffs, now moved for a discovery of the said papers or certificate.*

---

* The petition was in the following form:

[*Title of Court and action.*]

The petition of James Seligman respectfully shows to the court:

I. That he is one of the plaintiffs in the above entitled action.

II. That this action is brought by your petitioner and his co-plaintiff, constituting the firm of J. & W. Seligman & Co., on a certain agreement made by the defendant company with the plaintiffs, set out in the complaint herein, to which reference is made as a part of this petition, and that the complaint alleges that the defendant wrongfully delivered to T. C. Bates, mentioned in said agreement, the stock, bonds and coupons therein mentioned, without receiving from him, for account of the plaintiffs, the payment of the sum therein mentioned.

III. That the defendant's answer sets up among other things (at folios 15–18 thereof) that the bonds mentioned in said agreement were on or about February 21, 1885, delivered by defendant's then president to the said Bates, mentioned in said agreement, in pursuance among other things of a certain certificate, bearing date September 23, 1882, and made with the knowledge of the plaintiffs by the person who at the date thereof was secretary of the defendant.

IV. That neither your petitioner, nor so far as he can discover after inquiry, any person connected with the said firm of J. & W. Seligman & Co., had, at the time of its date, or at any time thereafter, any knowledge or information of the making, existence or contents of the said certificate dated September 23, 1882.

V. That the said plaintiffs have, through their attorney in this action, requested of defendant's attorney to be furnished with a copy of the said certificate dated September 23, 1882, which request has been refused.

VI. That it is necessary and material for your petitioner, in order to prepare this action for trial, and to try this cause, to obtain the discovery and production of said certificate dated September 23, 1882, and an inspection and copy, or permission to take a copy, of the same; and that as your petitioner is informed, and believes, the said certificate is

*George W. Wickersham* (*Strong & Cadwalader*, attorneys), for defendant, objected and insisted that the discovery sought for should not be granted for the following reasons : —I. The discovery sought for is not in aid of the plaintiffs' case. They seek inspection of an instrument which is part of the defendant's defense, and which is not a part of their own case. Such inspection is never granted (Brevoort *v.* Warner, 8 *How. Pr.* 321 ; Meekings *v.* Cromwell, 1 *Sandf.* 698 ; Mott *v.* Consumers' Ice Co., 2 *Abb. N. C.* 143 ; Andrews *v.* Townshend, 2 *Civ. Pro. R.* 76). The principle is that a party has a right to know the case of his opponent, but not the evidence by which that case is to be supported (Llewellyn *v.* Badely, 1 *Hare*, 527 ; Meekings *v.* Cromwell *supra ;* Brevoort *v.* Warner, *supra.* See also cases collected in 2 *Waite's Pr.* 531 ; Lansing *v.* Starr, 2 *Johns. Ch.* 150 ; Lane *v.* Stebbins, 9 *Paige*, 625 ; Glenny *v.* Stedwell, 1 *Abb. N. C.* 327). In Andrews *v.* Townshend (*supra*) the most of the foregoing cases were cited, and the General Term of the superior court said : " The cases cited for the appellant show that the writing to be inspected must relate to maintaining the position taken by the appellant, not that of the opposite party ;" and in Douglas *v.* Delano, 20 *Weekly Dig.* 85, the same rule was applied, the court refusing an inspection there, for certain receipts, on the ground that they were not required to enable the plaintiff to prove his alleged cause of action. That " to obtain an inspection of books and papers they must be required, either to enable the appellant to prepare his pleadings, or to prepare for

in the possession or control of defendant herein, or its attorneys, and that annexed hereto, and marked " Exhibit A," is a copy of the correspondence in respect thereto between the attorneys of the parties.

VII. That your petitioner cannot obtain production or inspection or a copy of the said certificate except from the defendant or his attorneys.

Wherefore your petitioner prays that this court may grant an order that the said defendant produce and discover the said certificate dated September 23, 1882, or give your petitioner an inspection or copy thereof, or permission to take a copy thereof, and that your petitioner may have such other and further relief as may be proper.

trial of the action, or to take some other proceedings required by him for the preservation of his rights, and that this was not an application within either of these classes of the case,' but merely an effort to inspect documents which were a part of the defendant's defense.

II. It does not appear, from the moving papers, that the plaintiff cannot acquire the information he seeks to obtain in any other way. It is a fundamental requisite that the remedy of inspection of documents should be indispensibly necessary, and not simply a precautionary measure, and the party applying must show not only what he wants, but must also prove that he cannot obtain the information elsewhere (Hauseman *v.* Sterling, 61 *Barb.* 347 ; Campbell *v.* Hoge, 2 *Hun*, 308 ; McAllister *v.* Pond, 15 *How. Pr.* 300). The petition here does not comply with these requirements. The allegations are, that " neither your petitioner [who is one of the two plaintiffs], nor in so far as he can discover, after inquiry, any person connected with said firm of J. & W. Seligman & Co., had, at the time of its date, or at any time thereafter, any knowledge or information of the making, existence or contents of the said certificate."

" That your petitioner " [who is also one of the plaintiffs] " cannot obtain the production or inspection or a copy of the said certificate except from the defendant or its attorney."

There is nothing to show that the other partner has no knowledge or cannot obtain the information desired. The extent of the petitioner's inquiry is not shown. From all the petition discloses, he may not have inquired of any person. He has not shown, or intimated, that he cannot obtain full knowledge of the contents of the document, although he may not be able, as he alleges, to procure a copy of the said certificate.

Barrett, J.—The rule contended for by defendants is that which prevailed in chancery. Even under the re-

vised statutes it might have been difficult to obtain the dis-
covery here sought. Under the Code, however, and espec-
ially under the Code of Civil Proceedure, the practice is
more liberal and just. As long ago as 1849, it was held (in
Powers *v. Elmendorf,* 4 *How. Pr.* 60 ; s. c., 2 *Code R.* 44),
that the court had power to compel a discovery, on plaintiffs
motion, of the defendant's documentary evidence. Judge
HARRIS's reasoning is clear and convincing; and the case
has never since been overruled.*

The cases referred to by defendant's counsel are not
directly in point, and upon careful examination do not con-

---

\* It was there held that the omission from the Code of Procedure,
(§888) of the provision in 2 R. S. 199, §22—restricting discovery to
cases within the principle and practice of the Court of Chancery—in-
dicated that it was not intended to confine discovery to the case of
documents which the appellant wished to use in support of his own
case, and on the other hand the provision authorizing the court to en-
force obedience to an order for discovery not merely by non-suit or the
precluding of the defenses affected (as under 2 R. S. 200, § 26), but by
precluding the party refusing discovery from using the document in
his own behalf as evidence, showed that the power of the court, under
the new Procedure, is extended to ordering a defendant to deliver
copies of documents in his possession, or under his control, upon which
he would rely on the trial to sustain an allegation in his answer.

HARRIS, J., said: "The power thus conferred upon the court is,
in my judgment, better adapted to attain the ends of justice than the
more restricted power it before possessed. I can see no good reason
why a party should be permitted to withhold from the knowledge of
his adversary documentary evidence affecting the merits of the contro-
versy, only to surprise him by its production at the trial. Unless for
some satisfactory reason to be made apparent to the court, each party
ought to be required, when it is desired, to disclose to the other any
books, papers and documents within his power which may contain
evidence pertinent to the issue to be tried. If the evidence thus dis-
closed should be conclusive upon the issue, the parties may be saved
the expense of a trial—and if not, they will come to the trial upon
equal terms, each prepared, so far as the evidence within his reach will
enable him to do so, to maintain his side of the controversy. This I
believe to have been the intention of the Legislature, and this I regard,
as the true construction of their enactment on this subject." Powers.
*v. Elmendorf,* 4 *How. Pr.* 60.

flict with Powers v. Elmendorf.　This is especially true of the case in this court of Douglass v. Delano (20 *W. D.* 85). The receipts sought to be there discovered were not set up in the answer, which simply asserted the independent fact of an outside occupation of the premises ; and the application was an attempt to obtain proof which might rebut the effect of such occupation, and of the payment of rent by persons other than the original tenants.　The question was not considered at all in Andrews v. Townshend (2 *Civ. Pro. R.* 76).　And it does not even appear whether the documents were specifically set up in the answer.　The chancery rule was stated as the rule to-day, but no reference was made to the Code nor to Powers v. Elmendorf.

Why the exception of alleged forgery should be made if the question is one of power and not of discretion, is not stated.　But if such exception is admissible, an inspection of a document not forged, which the plaintiff has never seen, and which bears crucially upon his rights, should equally be excepted.　Here, in the defendant's own pleading the document is actually interwoven with the plaintiff's certificate and case.　It would be monstrous to compel them to go to trial with no previous preparation possible to meet the paper.　They cannot know the defendant's case without an inspection.　The document goes to the very merits of the action, and is not to be treated as evidence in support of an averment.

The second point is plainly without force.　There is no rule which requires each member of a firm to make oath that he knows nothing of the document.　The papers are reasonably sufficient, and come within the rules of practice.

The motion must therefore be granted (and as plaintiffs asked for this paper and were refused without reason or justice), with costs.

Order accordingly[*].

---

[*] The order was in the following form :

An order having been heretofore on November 26, 1886, entered in this action directing the defendant herein to allow the plaintiffs herein

Seligman *v.* Real Estate Trust Co.

on or before November 30, 1886, to inspect a certain paper or certificate dated September 23, 1882, referred to in the petition on which said order was granted, and to take a copy of said paper or certificate, or in default thereof to show cause before this court why such inspection with copy should not be allowed; and the said defendant having appeared and failed to show sufficient cause why such inspection with copy should not be allowed:

Now on reading and filing copies of said order to show cause and of the petition on which the same was granted, and on the pleadings and proceedings herein, and after hearing John E. Burrill, Esq., of counsel for the said plaintiffs, in support of said motion, and George W. Wickersham, of counsel for the said defendant in opposition thereto:

It is on motion of Geo. W. Seligman, attorney for said plaintiffs:

Ordered that the said defendant produce at the office of the said plaintiff's said attorney, at No. 15 Broadway, in the city of New York, on November 28, 1886, at 12 o'clock in the noon, the aforesaid paper or certificate, and there allow plaintiffs or their said attorney to inspect the same, and to take a copy thereof.

And it is further ordered, that the said defendant pay to the said plaintiffs $10 of the costs of this motion.

---

The opinion in the case of Douglas *v.* Delano, 20 *Weekly Dig.* 85, cited in the opinion on p. 216 of the text, put the denial of the motion upon two grounds. First, That the receipts sought were not in the possession or under the control of the defendant; and second, on the chancery rule, which is held superseded in the text and the case in 2 *Hun*, cited as authority on the latter point. Campbell *v.* Hoge, 2 *Hun*, 308; s. c., 4 *Supm. Ct.* (*T. & C.*) 540, does not turn on the point, but supports the first ground on which the motion was denied, and holds that if the papers are in the possession or under the control of the applicant, he cannot have an order that the other party discover them.