· (46 App. Div. 594.)

UMFREVILLE v. MANHATTAN RY. CO. et al.

· (Supreme Court, Appellate Division, First Department. January 5, 1900.)

DISCOVERY.

 The fact that the instrument of which inspection is sought is "comprised in, and forms part of, a very large document," embraces "detailed information in which plaintiff can have no interest," and, if exposed as a whole, is "likely to assist the stirring up by interested attorneys of a large and expensive mass of litigation," is not a reason why plaintiff should be refused an inspection of that part of the document which affects her, which she states she believes is forged, and asks to inspect that she may prepare for trial, under Gen. Rules Prac. Rule 14, providing that either party may be compelled to make discovery of any document in his possession where an inspection thereof is necessary to enable a party to prepare for trial.

Appeal from special term, New York county.

Action by Charlotte W. Umfreville against the Manhattan Railway Company and the Suburban Rapid-Transit Company. From an order denying plaintiff's motion for leave to inspect a document, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and ·INGRAHAM, JJ.

Charles La Rue, for appellant.

Arthur O. Townsend, for respondents.

O'BRIEN, J. The plaintiff's action is the usual one for an injunction, and for damages for alleged trespass upon property. In a separate defense the defendants alleged that the plaintiff executed a consent in writing to the operation of the roads, and it is this document of which the inspection is sought. In support of the application the plaintiff stated that she did not sign or authorize the alleged consent, has no recollection of so doing, and believes it to be forged, and that in order to prepare for trial, and to collect evidence relevant to the issue of forgery, it is necessary and material for her to obtain a discovery and inspection of the document mentioned. We think that the plaintiff's statement was sufficient, under rule 14 of the general rules of practice, to justify. granting the application, unless the opposing papers presented some good reason why the application should in the present instance be refused. The defendants show that the consent referred to is comprised in, and forms a part of, a very large document, containing hundreds of signatures, and embracing detailed information in which the plaintiff can have no interest, and urge that, if exposed as a whole, it is likely "to assist the stirring up by interested attorneys of a huge and expensive mass of litigation." This argument may be an answer to so much of the motion as asks that the document should be deposited in the county clerk's office, and thus exposed to public view; but it furnishes no reason why the plaintiff should be refused an inspection of that part of the document which affects her, to which privilege we think she is entitled. Whether this object can be best secured by the offer made by the defendant's attorneys to allow such an in--

spection at his office, or in some other way, can be determined on the settlement of the order if the parties do not agree.

The order should be reversed, with $10 costs and disbursements, and the motion for the inspection of the contract and the plaintiff's signature granted, with $10 costs; the terms and conditions of the inspection to be determined upon the settlement of the order. All concur.