(37 Misc. Rep. 512.)

### BAMBERGER v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Special Term, New York County.    March, 1902.)

DISCOVERY BEFORE TRIAL.

Plaintiff sued on an assigned claim. Defendant answered that the claim had been paid to the assignor by check which he indorsed, and on a release which he executed. *Held*, that the assignor being dead, and plaintiff insisting that both the signatures were forgeries, she was entitled to discovery and inspection before trial.

Action by Harriet S. Bamberger against the United States Fidelity & Guaranty Company. Motion for discovery and inspection granted.

Townsend & McIlvaine, for plaintiff.

Guggenheimer, Untermyer & Marshall, for defendant.

GILDERSLEEVE, J. Plaintiff seeks inspection of a certain check paid to plaintiff's assignor, and of a release given by plaintiff's assignor on the settlement of an action brought by plaintiff's assignor on the

same cause of action as that upon which plaintiff now seeks to recover. The defense to this action is based on the claim that defendant paid the assignor of plaintiff the full amount of the claim here sued upon, and obtained a release from him. Defendant's evidence in support of this defense is, among other things, the check paid to plaintiff's assignor and indorsed by him, and the said release from said assignor to defendant. Plaintiff alleges that the said assignor, who is now dead, told her that he never received any payment of his claim, nor indorsed any check therefor, nor signed any release to the defendant. It is the claim of plaintiff that the indorsement on said check and the signature to said release are forgeries, committed by one Fromberg, who is now a fugitive from justice, and who was the attorney for the plaintiff's assignor, and who discontinued the latter's action without his knowledge; and plaintiff believes that said Fromberg collected the money on the check, if any was paid, and appropriated the same to his own use. Plaintiff desires to inspect and photograph the check and release and indorsement on check, in order to be able to prove the forgeries at the trial. A copy of an affidavit, of which the original is stated to be on file in the office of the clerk of this court, is produced on this motion, made and verified by plaintiff's assignor on October 16, 1900, in which the said assignor swears that he never received any money on this claim, and never signed any receipt therefor, nor any release of the claim, and that if any person did receive said money, and sign any release or indorse any check given to collect said money, such acts were done without any authority from him. Defendant's attorney states that the claim was settled and paid in full by two checks,—one for $1,000, payable to order of plaintiff's said assignor, Solomon Bamberger; the other for $16.50, payable to order of Guggenheimer, Untermyer & Marshall, and indorsed by them to A. M. Fromberg, attorney for said Solomon Bamberger. Both of these checks were delivered to said Fromberg, who thereupon surrendered the original bond on which the suit was brought by said Solomon Bamberger, and at the same time delivered to defendant's attorneys a general release purporting to be executed by said Solomon Bamberger and duly acknowledged before a notary, and also a consent to discontinue the action. These checks were duly honored at the bank and paid. This release and the $1,000 check, payable to said Solomon Bamberger, and purporting to have been indorsed by him, form, as I have said, the basis of the defense, and will, the defendant's attorney declares, be certainly produced at the trial, when plaintiff can examine them. It would seem, however, that, inasmuch as it will be essential for plaintiff to prove the allegation of forgery, an inspection of the alleged forged signatures would be necessary to enable her to prepare for the trial. On the other hand, it does not appear that any undue hardship can come to defendant from such inspection. It is true that plaintiff should have made this application before now; but, under the circumstances, I am disinclined to hold that her laches are such as to defeat her right to the inspection. Motion granted, with $10 costs to abide the event.

Motion granted, with $10 costs to abide event.