(70 App. Div. 551.)

### PHILLIPS et al. v. CURTIS et al.

(Supreme Court, Appellate Division, First Department.   April 11, 1902.)

DISCOVERY—PAPERS—CONTENTS—AFFIDAVIT—INFORMATION AND BELIEF.

> Plaintiff alleged that an agreement between defendants to secure a monopoly of the business in which plaintiff was engaged was evidenced by a writing in possession of one of the defendants; that plaintiffs had no means of knowing the contents of the writing, having been refused an inspection; that it was necessary to know its contents in order to know the character of the agreement under which defendants were operating; and that plaintiffs could not safely proceed to trial without such inspection. *Held*, that it was error to order an inspection, there being no statement that the paper authorized illegal acts, or contained matter material to the issues, and the allegations being on information and belief, without stating the sources.

Appeal from special term, New York county.

Action by James J. Phillips and others against Joel G. Curtis and others. From an order directing defendant Curtis to deliver a sworn copy of certain writings to plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

P. J. Britt, for appellants.
J. S. Wise, for respondents.

VAN BRUNT, P. J.   This action is brought to recover damages because of the wrongful and malicious conduct of the defendants, whereby the business of the plaintiffs was injured. It is alleged in the complaint that the defendants were carrying on business in the city of New York under an agreement in writing, and that a combination existed between the defendants pursuant to which the defendants willfully and maliciously conspired together to secure to themselves a monopoly of the business of selling calves (which was the plaintiffs' business) in certain stock yards in the city of New York, and which injured, harassed, and destroyed the business of the plaintiffs in said yards, and that they succeeded in destroying the business of the plaintiffs, and in driving them out of the same. The defendant Curtis answered the complaint, admitted the existence of an agreement between the defendants under which they did their business, but denied that the agreement was for the purpose set out and alleged in the plaintiffs' complaint. All the allegations in the complaint of malicious and improper acts were denied.

Upon a petition the plaintiffs applied for a discovery of the agreement (the existence of which was admitted) under which the defendants did business. The defendants resisted such application, and, it being granted by the court below, this appeal was taken.

The authority of the court to grant the relief in question was challenged by the defendants upon the ground, amongst others, of defects in the allegations contained in the petition. An inspection of the petition shows that, after setting out the formal matters in regard to the residence of the plaintiffs and defendants, the appearances in the action, the fact of the service of an amended summons and complaint, and the joining of issues by the service of answers, and that the action was brought to recover a certain sum for damage sustained by the plaintiffs by reason of the wrongful acts of the defendants, it proceeds to state what the allegations of the complaint are, and then avers:

"That, as will appear from the foregoing and from the pleadings herein, the defendants are now, and at the times referred to in the complaint herein were, co-operating under an agreement in writing, which said agreement the defendants admit to be in existence at the present time; that plaintiffs have no way of knowing the contents thereof, and have no copy thereof; that plaintiffs, through their attorneys aforesaid, have requested defendants, through their attorney aforesaid, to permit them to inspect said agreement, which said request has been denied."

It then swears to advice of counsel, and further states that they are advised by the pleadings that the aforesaid writing or agreement between defendants herein is now in the possession or under the control of the defendant Curtis, as the plaintiffs are advised by their counsel and believe. Then follows an allegation that, owing to the nature of the charges of an illegal combination and conspiracy on the part of the defendants, it is necessary that the plaintiffs should make an examination of the aforesaid writing or agreement prior to the trial of said action, in order to be fully advised of the character of the written agreement under which the defendants are and were, at the time of the committing of the offenses herein stated, operating, and in order that they may properly prepare for the trial of said action, and that, without an examination and inspection of the aforesaid document, writing, or agreement, plaintiffs cannot safely proceed to the trial of this case; and, further, that, owing to the fact that they have not been able to secure a copy of said agreement, or to inspect the same, they are unable to more particularly describe the said writing, but that the writing which they refer to, and which they desire by this petition to secure an inspection of, is the writing or agreement referred to on page 4 of the amended complaint herein, in paragraph 6 of said complaint, and which is admitted on page 3 of paragraph 7 of the answer of defendant Curtis herein.

These allegations show beyond question that this application is a mere expedient for the purpose of seeing whether they may or may not have a cause of action by reason of the provisions of the agreement under which these defendants were co-operating or acting. There is no statement whatever tending to show that if any wrong acts were done by any of these defendants they were in any wise

authorized by this agreement, and that it could in any way affect the questions which were to be presented upon the trial of this action. The rules in relation to discovery provide that the party applying shall show to the satisfaction of the court the materiality and necessity of the discovery or inspection sought, the particular information which he requires, and, in the case of books and papers, that there are entries therein as to the matter of which he seeks a discovery or inspection. There is no allegation whatever in this petition that this agreement contains the particular information which the plaintiffs require, or that there is any entry or writing therein which is in any way material to the questions which are to be presented upon the trial of this action. They desire to make amongst the private papers of these defendants an experimental voyage of discovery in the hope that perhaps they may be able to fish out something they may turn to their advantage. It does not seem to us that such a mere fishing expedition should be countenanced by the court, and it never has been heretofore. If a discovery of this kind can be allowed, then the private papers of every competitor in trade may be compelled to be produced for inspection, in the hope that something may be found in them which will subject them to criticism. It does not seem to us that the rule of discovery has ever been carried to any such length.

It is to be observed that all the material allegations in the petition in reference to these questions are made upon information and belief only, without the slightest statement as to the sources of information and the grounds of belief. It has become a reasonably familiar maxim that allegations of this kind contained in an affidavit are of no value. Allegations upon information and belief in a complaint answer the purpose of a pleading, but furnish no proof when contained in a petition or affidavit which is supposed to represent evidence.

We think, therefore, that the motion was improvidently granted, and that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave upon payment of such costs to renew the application upon additional papers. All concur.