### DE KOVEN v. ZIEGFELD.

(Supreme Court, Appellate Term. December 11, 1906.)

DISCOVERY—IN EQUITY—FACTS SUPPORTING OPPOSITE PARTY.

Though, as a general rule, discovery will not be granted unless it is material to the claim of the party seeking it, and the documents to be inspected relate to the position taken by him and not that of the opposite party, where defendant in an action for royalties pleaded a written release from the claim and an alleged agreement whereby plaintiff accepted another as debtor, plaintiff was entitled to the remedy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 113, 114.]

Appeal from City Court of New York, Special Term.

Action by Reginald De Koven against Florenz Ziegfeld, Jr. From an order denying discovery, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Max D. Josephson, for appellant.
Samuel D. Lasky, for respondent.

GILDERSLEEVE, J. The action is to recover $1,125 for royalties. The answer denies any knowledge or information sufficient to form a belief as to the allegations of the complaint, and then sets up two separate and distinct defenses, viz: (1) a release in writing under seal from the claim in suit, and (2) an agreement whereby plaintiff accepted a certain corporation as debtor in place of defendant. Plaintiff, denying that he had ever made such a release or agreement, made an application for a discovery and inspection of the alleged instrument or instruments set up in said defenses. This motion was denied, and from the order denying the same plaintiff appeals.

As a general rule, a discovery will not be granted unless the court is satisfied that such discovery is pertinent and material to the claim, or

defense, of the party seeking the remedy, and that the documents to be inspected relate to the position taken by the applicant, and not that of the opposite party. Sanger v. Seymour, 42 Hun, 641; Bailey v. Williams Mfg. Co., 9 N. Y. St. Rep. 518 (City Court decision, by McAdam, J.); Stichter v. Tillinghast, 43 Hun, 95. In the case at bar the defendant claims that the alleged release and agreement relate to the position taken by the defendant, and not that of the applicant, who has merely to establish his claim for royalties. It has been held by the late Justice Barrett that where a party in his pleading sets up a document going to the merits of the action, interweaving it with his case, his adversary, if ignorant of it, is entitled to a discovery and inspection of it, when necessary to enable him to prepare for trial; and that a discovery and inspection should not be refused merely because the document sought to be inspected is not necessary to establish the applicant's case, but is only sought to be inspected in order to ascertain his adversary's evidence. Seligman v. Real Estate Trust Co., 20 Abb. N. C. 210. In the case at bar the alleged documents, if genuine and valid, form a complete bar to plaintiff's cause of action. It is therefore most important to plaintiff's case that they should be shown to be ineffective. At present he knows nothing whatever about them, except that he never signed any such release, or agreement, as claimed in the answer. If he is forced to trial, without the inspection sought, he may be subjected to a surprise that will place him at a great disadvantage and render it very difficult for him to meet the defendant's evidence. Plaintiff urges that on inspection he may discover forgery, or that the alleged documents were executed by some one claiming to have authority to execute them in his name. It does not appear that defendant will be prejudiced by such inspection. If he has a complete bar to plaintiff's suit, in the shape of a release or agreement, how can he be unduly hurt by showing the document to plaintiff now? If, on the other hand, the document is a forgery, or not authorized, or invalid, plaintiff should have an opportunity to prepare to contest it at the trial. It seems to us that the learned court below in the exercise of a wise discretion should have granted the application.

The order appealed from is reversed, with $10 costs and disbursements, and the motion for a discovery is granted, with $10 costs. All concur.