sufficiently to take out the rock at certain premises in the Bronx, agreeably to the architect's drawings and specifications, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the architect, to finish all the excavation and blasting, pile up the stones in the rear of the lot where directed, all in size ready for mason use, and clean off said property ready to start mason work, thus in effect agreeing to perform his undertaking for two sums certain, ascertainable by measurements and computations before performance or after it. In performance the plaintiff contractor put the drills down to the very level required "and by blastings blowed below the drilling and broke it up." The rock thus loosened, although below the level required by the drawings and specifications, the architect required cleaned off in the trenches, in order to build the foundations upon solid rock, as plaintiff knew it must be "as a result of his experience as an excavator for 16 years." For the removal, cleaning off, or excavation of the loose rock which came by blasting to a depth uncalled for, the plaintiff charged, and has recovered compensation as for extra work.

This was error. That by the method of doing the work he broke up, and so had to remove, more material than was required or desired, is no ground for extra compensation; but in this case the reverse. The ingenious and ingeniously argued contentions that he could not do the work otherwise than he did, that he did it according to custom, and that performance substantially as agreed would have cost him more, or even too much, avail the plaintiff nothing. It is matter of common observation in this town that rock, seamy and solid, is excavated to depths and lines with noticeable nicety. No custom obtains in derogation of express covenant. What performance according to his undertaking would cost was his lookout before he undertook performance. By providing for its reduction to the amount of really extra work, and some there was, ordered by the architect, the judgment might be modified, and be allowed to stand as modified, but for a counterclaim interposed by the defendants for additional expense to which they were subjected in building the greater amount of foundation wall made necessary by the unnecessary excavation. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(52 Misc. Rep. 640)

### KAMBER v. BEN FRANKLIN TRANSP. CO.

(Supreme Court, Special Term, New York County. February 18, 1907.)

DISCOVERY—RIGHT TO INSPECT WRITINGS.

Where, in an action for the value of goods intrusted to defendant for transportation, which it failed to deliver, defendant answered that it delivered the goods to an expressman, who presented an order therefor signed by plaintiff, and plaintiff denied signing or authorizing the order, he was entitled to inspect, copy, and photograph such order that he might be prepared, with the testimony of experts in handwriting and otherwise, to meet such evidence upon trial, and to inspect and copy the defendant's

forms and books so far as they contained entries relative to the transaction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 113–115.]

Action by Bernard Kamber against the Ben Franklin Transportation Company. Motion by plaintiff for an inspection of books and papers. Granted.

Tobias H. Keppler, for the motion.
Maurice J. Katz, opposed.

GIEGERICH, J.   The action is brought to recover the value of goods intrusted by the plaintiff to the defendant for transportation, but which the defendant failed to deliver. Among other things, the answer alleges that the defendant delivered the goods to an expressman who presented an order therefor signed by plaintiff. Such an order the plaintiff asserts he never signed nor authorized, and he makes this motion to be permitted to inspect, copy, and photograph such order, to the end that he may be prepared, with the testimony of experts in handwriting and otherwise, to meet such evidence upon the trial. He also asks to inspect and copy the defendant's forms and books, so far as the same contain entries relative to the receipt and transportation of the goods in question.

In resisting the motion the defendant cites a large number of cases, most of which relate to motions for examination before trial. Others, like Phillips v. Curtis, 70 App. Div. 551, 75 N. Y. Supp. 581, show attempts to rove through a defendant's private papers in the hope of discovering something to the plaintiff's advantage. But in this case the plaintiff seeks only to see the records of the defendant's transactions with him, and concerning the single matter in dispute, and to see and photograph a paper claimed to have been signed by him. The plaintiff's right to what he asks is manifest as a matter of fairness, and is abundantly established by the authorities. Umfreville v. Man. Ry., 46 App. Div. 594, 62 N. Y. Supp. 20; Bamberger v. U. S. Fidelity & Guaranty Co., 37 Misc. Rep. 512, 75 N. Y. Supp. 1005; Moore v. Encyclopædia Britannica Co., 43 Misc. Rep. 618, 88 N. Y. Supp. 133; Rhoades v. Schwartz, 52 App. Div. 379, 65 N. Y. Supp. 111.

The defendant also raises the point that, although the order substituting the plaintiff's present attorney in place of his prior one was served, there was no notice nor service of the earlier order substituting such prior attorney in place of the original attorney who commenced the action. I cannot see that this fact affects the defendant. The order served sufficiently shows the authority of the present attorney, as between the plaintiff and the defendant.

Motion granted, with $10 costs.